IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LOUIS ONEIL GRANT,            *
                              *
        Plaintiff,            *
                              *
        v.                    *            CV 421-326
                              *
CORRECT HEALTH and            *
DOCTOR GOLD,                  *
                              *
        Defendants.           *

U.S. DISTRICT COURT
AUGUSTA DIV.

2022 JUL 13  P 12: 21

CLERK_____
SO. DIST. OF GA.

---

**O R D E R**

---

Plaintiff filed this lawsuit while incarcerated at the
Chatham County Detention Center ("CCDC"). (Compl., Doc. No. 1, at
7.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP")
in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting
IFP status).) Because he is proceeding IFP, Plaintiff's pleadings
must be screened to protect potential defendants. Phillips v.
Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin
v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28
U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more
lenient standard than those drafted by an attorney, Erickson v.
Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the
Complaint or any portion thereof if it is frivolous, malicious,
fails to state a claim upon which relief may be granted, or if it
seeks monetary relief from a defendant who is immune to such
relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.   BACKGROUND

Plaintiff alleges that Defendant Doctor Gold has denied him mental health medication, even though he is mentally ill. (Doc. No. 1, at 5.) The denial of treatment resulted in Plaintiff being placed in solitary confinement. Plaintiff demands $1,000,000.00 from Correct Health and $500,000.00 from Doctor Gold. (Id. at 6.) He also requests that Doctor Gold be fired and asks that Doctor Gold's license be revoked. (Id.) However, Plaintiff admits that he has not grieved his complaint within the CCDC, even though he states that an available grievance procedure exists there. (Id. at 3.) As explanation, Plaintiff states: "I feel like they the higher authority ignores me & lie." (Id. at 4.)

## II.   DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). The PLRA's mandatory exhaustion requirement "applies to all

2

prisoners   seeking   redress   for   prison   circumstances   or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

The PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed

3

"available" whenever "'there is the possibility of at least some kind of relief.'"   Johnson, 418 F.3d at 1155-56.

Here, Plaintiff acknowledges the existence of a grievance procedure at the CCDC.  However, it is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing this suit – he states that he never submitted a grievance at all.  Plaintiff's cursory explanation does not excuse the requirement.  He states no facts suggesting that the procedure was made unavailable to him for any reason and fails to support his conclusion that officials lie or ignore his complaint.  Therefore, Plaintiff's claims must be dismissed.

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___13th___ day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE